IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael and Stephanie Lee Frazier, | : | |
| Plaintiff, | : | Case No. 2:05-cv-299 |
| v. | : | Judge Marbley |
| Chase Manhattan Mortgage Corporation, *et al.*, | : | Magistrate Judge Abel |
| Defendant. | : | |

**ORDER**

This matter is before the Court on defendant Washtenaw Mortgage Company's ("Washtenaw") November 10, 2006 motion to dismiss the complaint (doc. 16).

Background. The complaint alleges that plaintiffs executed a promissory note which was then deposited by defendants, without plaintiffs' written permission, thereby creating money. Compl. ¶ 10 & 28. Defendants then lent the money to plaintiffs in the form of a loan. Compl. ¶ 10. Plaintiffs Michael and Stephanie Lee Frazier brought this action against Chase Manhattan Mortgage Corporation[1] and Washtenaw Mortgage Corporation alleging violations of regulations governing insured depository institutions, the Consumer Credit Protection Act, the Truth in Lending Act, the Fair Debt Collections Practices Act, and the Fair Credit Reporting Act as well as state law claims which include claims for breach contract, promissory estoppel, breach of fiduciary duty, deceptive trade practices, negligent misrepresentation, assumpsit for money had and received, conversion, usury, and unjust enrichment.

---

[1] Chase Manhattan Mortgage Corporation's June 2, 2005 motion to dismiss was granted by the Court on September 12, 2005.

The Fraziers' defenses and claims pertaining to the loan were adjudicated in a foreclosure action filed on September 12, 2002 in the Court of Common Pleas, Knox County, Ohio. Specifically, on February 21, 2003, the Common Pleas Court granted Chase Manhattan's motion for foreclosure.

<u>Motion to Dismiss</u>.  Defendant Washtenaw seeks dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant argues that under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to review the decision of the Ohio Common Pleas Court in the foreclosure action.  It also argues that the Common Pleas Court decision is res judicata.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);  *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an

insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

Here, there is an insurmountable bar to relief. Federal courts are required to give state court judgments the same preclusive effect as the state. So this Court must look to Ohio law to determine the preclusive effect of the judgment in *Chase Manhattan Mortgage Corp. v. Michael A. Frazier, et al.*, No. 02FR090326, Knox County Ct. of Common Pleas. *Migra v. Warren County School District Board of Education,* 465 U.S. 75, 81 (1984). The Ohio rule is that a prior judgment is conclusive of all claims that were litigated or could have been litigated between the parties or those in privity with them. *Grava v. Parkman Township,* 73 Ohio State 3d 379, 382 (1995). An Ohio court judgment "is conclusive as to all claims which were or might have been litigated in a first law-suit." *National Amusements, Inc. v. City of Springdale,* 53 Ohio State 3d 60, 62 (1990). All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of who files the suit. *Rettig Enterprises, Inc. v. Koehler,* 68 Ohio State 3d 274, headnote 1 (1994).

The United States Court of Appeals for the Sixth Circuit has consistently held that the doctrine of res judicata provides that a final judgment on the merits of an action precludes the

3

parties or their privies from relitigating issues that were or could have been raised in a prior action.  *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998).

Here all of the Fraziers' claims could have been asserted in the Common Pleas Court suit.  They are essentially "defenses" to that suit.  Washtenaw originated the mortgage at issue in this case and subsequently assigned it to Chase Manhattan. Because the Fraziers failed to raise the claims in *Chase Manhattan Mortgage Corp.  v.  Michael A.  Frazier*, they cannot now be raised in this lawsuit against an entity in privity with Chase Manhattan.  Consequently, defendant Washtenaw Mortgage Company's ("Washtenaw") November 10, 2006 motion to dismiss the complaint (doc.  16) is GRANTED.

Conclusion.  For the reasons stated above, the Court HOLDS that defendant Washtenaw Mortgage Company's ("Washtenaw") November 10, 2006 motion to dismiss the complaint (doc.  16)) is meritorius; and therefore, it is GRANTED.  Defendant Washtenaw Mortgage Company is DISMISSED from this action.

Furthermore, plaintiff has failed to file proof of service of the summons and complaint on defendants Does 1-10 within 120 days after filing the complaint.  Plaintiff is ORDERED to SHOW CAUSE within fifteen (15) days of the date of this Order why defendants  should not be dismissed without prejudice pursuant to Rule 4(m), Fed.  R.  Civil.  P.  for failure to obtain service on them.

    s/Algenon L. Marbley
Algenon L.  Marbley
United States District Judge